IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHILI TAMIQUE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 6495 |
| SYBIL RICHARDSON, a.k.a. JASMINE RANKIN, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Ashili Tamique ("Tamique") has used (or more accurately misused) the form of Complaint for Violation of Constitutional Rights, made available by the Clerk's Office to be utilized by pro se plaintiffs, to sue Sybil Richardson ("Richardson") for what Tamique describes in Complaint ¶ 6 as "Libel per se slander and defamation per se cyber bullying, cyber stalking, transmission of obscene msgs. intent to harm." None of those labels, even if accurate (as this Court will assume for present purposes), advances any contention that qualifies as a "violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986," as Complaint ¶ 1 requires.

So Tamique must look elsewhere for a ticket of entry to the federal courthouse. And that calls for the threshold inquiry that this Court must make as succinctly described in <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Because Tamique has not satisfied that "properly alleged" requirement, both the Complaint and this action must be and are dismissed, so that the accompanying In Forma Pauperis Application and Motion for Attorney Representation must be and are denied as moot.

Because the action taken here is without prejudice to the possibility of Tamique's trying again, however, a few additional comments are in order. For one thing, even though federal procedure calls for notice pleading rather than the fact-pleading regime followed (for example) in the Illinois state courts, any further effort by Tamique would have to put some explanatory flesh on the skeletal bones recited in the current Complaint ¶ 6. And Tamique would be well advised to present any proposed new pleading in a more legible form, rather than employing the highly idiosyncratic style that has made it so difficult to read her current filings.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 29, 2015