# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ASHILI TAMIQUE, )
 )
        Plaintiff, )
 )
    v. ) Case No. 15 C 6495
 )
SYBIL RICHARDSON, a.k.a. )
JASMINE RANKIN, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

On July 29, 2015 this Court entered a memorandum order ("Order") that dismissed, for lack of federal subject matter jurisdiction , the self-prepared Complaint for Violation of Constitutional Rights that had been filed by Ashili Tamique ("Tamique") against Sybil Richardson ("Richardson"). That Order was predicated on the basis that Tamique's description of her claims -- all of which were advanced in state law terms -- plainly did not amount to any violation of federal constitutional rights. And because that jurisdictionally-based dismissal therefore expressed no opinion as to the substance of Tamique's asserted claims, the Order stated that the dismissal was without prejudice.

Now Tamique has returned with a new set of documents (what follows in the listing of those documents simply reproduces Tamique's captions, without expressing any views as to the substance of the documents):

1. an "Emergency Motion To Reinstate & Leave To File Amended Complaint";

2. a proposed "Amended Complaint," subheaded "Liable Per Se/Defamation Per Se, Slander"; and

3. an "Emergency Motion For Injunctive Relief (Exparte)."

This opinion will address Tamique's claims as teed up by those new filings.

As to what remains the required initial inquiry, that of determining federal subject matter jurisdiction, Tamique now seeks to call upon the diversity-of-citizenship branch of such jurisdiction: Amended Complaint ("AC") ¶ 1 identifies her as an Illinois citizen and Richardson as a North Carolina citizen, and although her lengthy description of the damages she has assertedly suffered does not quantify them, the AC's introductory paragraph refers to "Punitive Damages over $75,000." So with Tamique's allegations being credited for present purposes, diversity jurisdiction is at least arguably present, and this opinion therefore goes on to consider the substance of Tamique's claims.

This Court is of course well aware of the constraints on federal abstention exemplified by the seminal decision in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). But here Tamique has already, a week before turning to this federal court, sought and obtained from Judge Robert Clifford of the Circuit Court of Cook County what AC ¶ 2 describes as an "Emergency No Stalking Contact Order Exparte." If, as AC ¶ 2 goes on to state, Richardson has not complied with that Circuit Court order, that Illinois state court is just as able -- or perhaps just as unable -- to provide her with relief as this Court would be. What follows is a brief statement of some of the problems that this Court would have to face if it were required to attempt to accept the invitation represented by Tamique's new filings.

First of course is the question whether a civil remedy may be implied to exist for what Tamique has identified as state law crimes: cyberstalking (720 ILCS 5/12-7.5), transmission of obscene messages (720 ILCS 5/26.5-1) and harassment through electronic communications (720 ILCS 5/26.5-3). Even apart from the fact that this federal court is not empowered to enforce

state criminal laws as such, federal jurisprudence is unfriendly to the notion of such implied civil causes of action, while Illinois state courts might be more inclined to accept such implied claims.

Next is the obvious problem of in personam jurisdiction over Richardson -- the question whether her conduct, as described in AC ¶¶ 6-10, renders her amenable to suit here in Illinois. On that score a party's use of electronic means in some other state without any physical entry into the forum poses complex legal problems, but the most important fact for present purposes is that this federal court and its counterpart in the state court system are equally able -- or equally unable -- to hale Richardson into court here in Illinois.

Importantly, AC ¶¶ 11 and 12 identify further unsuccessful efforts by the police to follow up on Richardson's asserted continued violations of Judge Clifford's order. This Court sees no useful purpose to be served by its also entering into the fray -- to what end?

In sum, under all of the circumstances Tamique's attempted effort to embroil this federal court and its resources in seeking to pursue exclusively state-law remedies[1] that are already before, and have been acted on by, a state court really makes no sense. This opinion's rejection of that effort does no violence to Colorado River principles. Hence this Court denies Tamique's "Emergency Motion To Reinstate & Leave To File Amended Complaint," a motion rejected as an unnecessary and inappropriate duplication of her ongoing efforts in the Illinois state court system. Such denial of course also encompasses the denial of Tamique's "Emergency Motion For Injunctive Relief (Exparte)." And finally, of course, Tamique's earlier-filed application for

---

[1] AC ¶ 13 refers to another Illinois statute, 815 ILCS 505/10a, as a potential source for the recovery of actual damages and reasonable attorney's fees and costs. Whether or not that is accurate as to the claims advanced by Tamique in Illinois state court terms, a subject on which this Court also expresses no opinion, she is dead wrong in pointing to 42 U.S.C. § 1988 as a federal remedy in her AC's prayer for relief.

leave to file in forma pauperis (Dkt. No. 4) and her motion for attorney representation (Dkt. No. 5) continue to be denied as moot.

                                                            _____
                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: August 7, 2015